HERMAN SENNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44188. Promulgated March 10, 1931.

*A. E. James, Esq.,* for the petitioner.
*P. A. Bayer, Esq.,* for the respondent.

## OPINION.

ARUNDELL: It was stipulated at the hearing that there should be allowed as deductions in 1925 contributions to charitable and religious institutions amounting to $145, and that gross income for 1926 should be reduced by allowing as deductions therefrom, the sum of $150 for contributions to religious and charitable institutions, the sum of $420 representing interest paid on indebtedness, and $434 for taxes.

The items of $3,125 and $775 involved in the other issues raised under the proposed deficiency for 1925 are held to be deductible as losses sustained in that year.

The petitioner contends that the release of his right to partnership assets resulted in a loss of his capital investment of $10,000, and that the sum of $35,451.89, consisting of the petitioner's indebtedness of $24,699.43 to the firm at the time of its dissolution, and the sum of $10,752.16 which he received therefrom in 1926, does not constitute taxable income.

The contribution of property of a value of $10,000 made by petitioner to the partnership was credited to his capital account in the firm's books, and thereafter at the close of each year, entries were made therein for withdrawals made by petitioner during the year and his share of partnership losses and profits. At the close of 1925, and thereafter until the partnership was dissolved, the account had a debit balance of $24,699.73. The mutual releases executed by the partners in October, 1926, relieved petitioner from liability for this indebtedness and settled whatever claim he then had to partnership assets.

It is apparent from these facts that as petitioner's drawings from the firm by 1926 were considerably in excess of his capital investment and share of partnership profits, he recovered his partnership investment of $10,000 prior to the taxable year. At the beginning of, and throughout, 1926, petitioner was a debtor of the partnership, rather than a creditor, and had no investment in the partnership to lose.

In 1926 petitioner was without means to pay his financial obligations to the partnership. The forgiveness of petitioner's indebtedness of $24,699.73 to the partnership did not add anything to his worth.

658

The only effect the transaction had on his financial standing was to decrease the amount of his liabilities. It has been held under such circumstances that the amount forgiven does not constitute taxable income. *Meyer Jewelry Co.*, 3 B. T. A. 1319; *Commissioner* v. *Simmons Gin Co.*, 43 Fed. (2d) 327; affirming 16 B. T. A. 739.

The transaction contains none of the elements of a sale, for when it occurred the petitioner had fully recovered his capital investment and had no partnership assets to dispose of. It has been suggested that a large portion of the item of $24,699.73 constitutes compensation for services rendered. Even if this be true such sums would not be income in 1926, but in prior years not now before us.

We think the evidence sustains the conclusion of respondent that the drawings made in 1926, amounting to $10,752.16, are taxable as compensation for services rendered. The sums received were not treated in the same manner as withdrawals made in prior years. Instead of entering the total amount withdrawn during the year as a charge to the capital account of petitioner, the partnership charged the sum to " Salaries and Wages " and the petitioner reported it in his return for 1926 as compensation for services rendered.

In determining petitioner's tax liability for 1926 under Rule 50, the claimed loss of $10,000 will be disallowed; the item of $24,699.73 will not be treated as income, and the sum of $10,752.16 will be included in gross income as compensation for services rendered.

We do not think that petitioner was guilty of negligence in the preparation of his return. When, if ever, the petitioner recovered his capital investment, and whether or not the forgiveness of petitioner's indebtedness to the partnership resulted in taxable income to him, are questions concerning which petitioner had reasonable grounds to differ from the conclusions reached by the respondent. On this issue the petitioner is sustained.

*Decision will be entered under Rule 50.*